The single question presented to this court is whether the Industrial Commission of Ohio has jurisdiction to pay funeral expenses of a deceased employee whose death results from an injury sustained in the course of and arising out of his employment, but occurs more than eight years after the date of the injury. The authority of the commission to pay funeral expenses is found in Section 1465-89, General Code, which provides as follows:
"In addition to the compensation provided for herein, the Industrial Commission of Ohio shall disburse and pay from the state insurance fund, such amounts for medical, nurse and hospital services and medicine as it may deem proper, not however, in any instance, to exceed the sum of two hundred dollars unless in unusual cases, wherein it is clearly shown that the actually necessary medical, nurse and hospital services and medicine exceed the amount of two hundred dollars, such commission shall have authority to pay such additional amounts upon a satisfactory finding of facts being made and upon unanimous approval by such commission, such finding of facts to be set forth upon the minutes; and, in case death ensues from the injury, reasonable funeral expenses shall be disbursed and paid from the fund in an, amount not to exceed the sum of two hundred dollars, and such commission shall have full power to adopt rules and regulations with respect to furnishing medical, nurse and hospital service and medicine to injured employees entitled thereto, and for the payment therefor."
The conclusion of the commission, that it is not authorized to pay funeral expenses if the death of the injured workman occurs more than eight years after *Page 330 
the date of his injury, is based upon the provisions of Section 1465-82, General Code, which are as follows:
"In case the injury causes death within the period of two years, and in cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person and the death is the result of such original injury, the benefits shall be in the amount and to the persons following:
"1. If there be no dependents, the disbursements from the state insurance fund shall be limited to the expenses provided for in section forty-two [G. C. Section 1465-89] hereof.
"2. If there are wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent of the average weekly wages, not to exceed twenty-one dollars per week in any case, and to continue for the remainder of the period between the date of the death and eight years after the date of the injury, and not to amount to less than a minimum of two thousand dollars or more than a maximum of seven thousand dollars, including the compensation paid to the deceased employee prior to death and benefits paid to the beneficiaries after death.
"3. If there are partly dependent persons at the time of the death the payment shall be sixty-six and two-thirds per cent of the average weekly wages, not to exceed twenty-one dollars per week in any case, and to continue for all or such portion of the period of eight years after the date of the injury, as the commission in each case may determine, and not to amount to more than a maximum of seven thousand dollars."
The question is whether the limitation of time prescribed by Section 1465-82, General Code, for the payment of "benefits" by the commission applies to the *Page 331 
payment of funeral expenses authorized by the provisions of Section 1465-89, General Code.
We are in accord with the contention of respondent that these sections are in pari materia and of course should be considered and construed together. Indeed, that is the situation as to all provisions of the workmen's compensation law. Clearly Sections 1465-82 and 1465-89, General Code, supplement each other. They, however, deal with different conditions and situations. The latter authorizes the commission to pay "in addition to the compensation" certain medical expenses and "reasonable funeral expenses." The former section makes provision for "benefits" for the dependents of deceased workmen payable in amount determined by and dependent upon the average weekly wage of the workman. Each section contains its own limitation as to the amount payable, the one providing a total sum payable by prescribing a limitation upon the period during which weekly payments are to be made, while the other provides for and limits funeral expenses as therein stated. The several limitations prescribed by these statutory provisions apply only to the specific matter dealt with in each of the various situations.
The respondent urges that the question presented is determined by the provisions of Section 35, Article II of the state Constitution, which is in part as follows:
"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom."
The contention of the respondent is that the term *Page 332 
"compensation" necessarily comprehends and includes "funeral expenses" since the authority of the Industrial Commission is limited by this constitutional provision to the payment of "compensation."
The respondent, in the case of Covert v. IndustrialCommission, 139 Ohio St. 401, 40 N.E.2d 672, successfully urged upon this court the view that all payments made to an injured workman or the dependents of a deceased workman, under authority duly conferred, are not necessarily comprehended by and included in the term "compensation." In that case the sum of seventy cents was paid a claimant in reimbursement of expenses incurred by him in traveling from Cuyahoga Falls, Ohio, to Akron, Ohio, for medical examination. If such payment had been held to be "compensation" or "benefits," the running of the ten-year limitation provided in Section 1465-86, General Code, would have been tolled thereby. This court decided in that case that such payment "does not constitute a payment 'of compensation or benefits,' within the meaning of Section 1465-86, General Code, which provides that no 'modification or change of any finding or award * * * shall be made * * * after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death.' "
Judgment was accordingly rendered for the defendant Industrial Commission.
In like manner, under the provisions of paragraph 1 of Section 1465-82, General Code, as indicated in the decisions of the cases of State, ex rel. Moore, v. Industrial Commission,141 Ohio St. 241, 47 N.E.2d 767, and State, ex rel.Morand, v. Industrial Commission, 141 Ohio St. 252,47 N.E.2d 772, the payment of medical or funeral expenses of a deceased employee is not "compensation" within the meaning of Section 1465-82, General Code. Hence the limitation therein *Page 333 
for the award and payment of compensation does not restrict or limit the authority of the commission to pay medical or funeral expenses of injured employees.
The authority conferred by Section 35 of Article II of the state Constitution is very broad and comprehensive. After authorizing the establishment of the workmen's compensation fund, it directs that it be "administered by the state, determining the terms and conditions upon which payment shall be made therefrom."
Under the power thus conferred, the General Assembly clearly has authority not only to designate the conditions upon which payments are to be made from the fund as well as the limitation of time therefor, but it also may denominate some payments as compensation and others as expenses.
It should be borne in mind, too, that the power of the General Assembly to provide for workmen's compensation was exercised by that body prior to the adoption of Section 35, Article II, and statutes then passed were held constitutionally valid as an exercise of the police power. State, ex rel. Yaple, v. Creamer, Treas., 85 Ohio St. 349, 97 N.E. 602, 39 L.R.A. (N.S.), 694; Jeffrey Mfg. Co. v. Blagg, 235 U.S. 571,59 L.Ed., 364, 35 S.Ct., 167.
For the reasons stated, a writ of mandamus will be allowed as prayed.
Writ allowed.
WEYGANDT, C.J., ZIMMERMAN, BELL, WILLIAMS, TURNER and HART, JJ., concur. *Page 334