KEENAN, APPELLANT, *v.* YOUNG, ADMR., ET AL., APPELLEES.
(Two cases.)

(Nos. 898 and 899—Decided June 28, 1963.)

Messrs. *Thompson, Meier & Wachtel* and *Mr. Joseph M. Streb*, for appellant.

*Mr. William B. Saxbe*, attorney general, for appellee James L. Young, Admr. Bureau of Workmen's Compensation.

Messrs. *Jones, Day, Cockley & Reavis* and *Messrs. Smith, Renner, Hanhart & Miller*, for appellee Warner & Swasey Company.

McLAUGHLIN, J.  These two appeals on questions of law have been consolidated for hearing in this court.

In two injury cases claimant was allowed Industrial Commission awards.  Employer filed notices of appeal in the Common Pleas Court under favor of Section 4123.519, Revised Code.  Pertinent parts of this section as recently amended (128 Ohio Laws, 743, 753), and applicable to these appeals are:

" * * * Notice of such appeal shall be filed by the appellant

with the commission and the Court of Common Pleas within sixty days after the date of receipt of the decision appealed from * * *. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court.
 ‘‘* * *

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues. Further pleadings shall be had in accordance with the rules of civil procedure, provided, however that service of summons on such petition shall not be required. The clerk of the court shall, upon receipt thereof, transmit by certified mail a copy thereof to each party named in the notice of appeal other than the claimant. * * * [Use of the deposition of physicians.] The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate * * * in the fund upon the evidence adduced at the hearing of such action."

Claimant filed no petition within thirty days or thereafter. The employer moved for an order directing the claimant to file his petition. This motion was set down for oral hearing, and a pretrial conference was scheduled to be held at the same time.

On the date set for hearing the motion and holding the pretrial conference, December 21, 1961, the court, after the oral hearing, made the following entry:

"1. This day this matter came on for hearing on the motion to require plaintiff to file a petition * * *.

"Said motion is not well taken and the court overrules the same * * *.

"2. This day this matter also came on for pretrial pursuant to a previous assignment under Rule 17 * * *.

"The court finds as a material fact that the plaintiff did not appear at said pretrial nor was he represented by counsel. The court further finds that the failure of the claimant to file his petition within thirty (30) days after the perfection of the employer's appeal, amounts to abandonment of his claim.

"3. It is, therefore, ordered and decreed that the plaintiff is not entitled to receive or continue to receive workmen's compensation from the appellant-employer herein."

On February 9, 1962, claimant filed his petition to vacate

the order of December 1, 1961, and requested leave to file his petition instanter.

The trial court after oral hearing upon the petition to vacate and the motion for leave to file petition instanter, dismissed the former and overruled the latter. These rulings were made on March 20, 1962. The claimant appeals to this court making as his assignment of errors:

"The orders of the Common Pleas Court of Tuscarawas County, Ohio; entered December 21, 1961; and March 20, 1962, should be reversed because of errors therein, to-wit:

"1. They are contrary to law.

"2. They are against the manifest weight and without sufficiency of evidence."

The crux of this appeal is whether the provision of the statute requiring the claimant "within thirty days after the filing of the notice of appeal, [to] file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues" is mandatory and jurisdictional or merely directory. The trial court held it to be mandatory and jurisdictional.

There are some settled rules of construction which we hold must apply and control the construction of the thirty-day provision of the statute in question. The Workmen's Compensation Act must be construed liberally in favor of the claimant. The Act must be construed as a whole so as to give effect to every word and clause in it. Literal meaning of the words "shall" and "may" is not always controlling in the construction of a statute. Cases in which these words are convertible are numerous. The word "shall" may be construed as meaning permissive or directory (equivalent to "may") to carry out the legislative intent and in cases where no right or benefit to anyone depends upon it being taken in the imperative. See *Spaulding & Kimball Co.* v. *Aetna Chemical Co.*, 98 Vt., 169, 126 A., 588; *Wisdom* v. *Board of Sup'rs of Polk County*, 236 Iowa, 669, 19 N. W. (2d), 602.

In considering this statute with its thirty day proviso, legislative intent should be the chief guide in its interpretation.

The word "shall" was first placed in this particular section of the Act in the amendment of 1959, which amendment also provides:

"* * * All actions and proceedings under this section which are the subject of an appeal to the Court of Common Pleas or the Court of Appeals shall be preferred over all other civil actions except election causes, irrespective of position on the calendar."

If it be assumed that the purpose and object of this particular amendment was to speed up the hearing of appeals in workmen's compensation cases, such purpose can be served adequately by pursuing the very method employed by the employer in these cases, to wit: By filing a motion to require the claimant to file his petition. If such motion be sustained it would compel the delinquent claimant to perform a duty invoked by the statute, that of filing a fact pleading which, in compliance with the statute, must set forth the jurisdictional grounds of appeal and the issues. Enforcement by contempt action would be available. Such a fact pleading is a prerequisite for any kind of a merit hearing which the statute clearly contemplates in the same paragraph, "The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate * * * in the fund upon the evidence adduced at the hearing of such action." Thus, the claimant is forced to participate in the appeal, which is all that the employer wanted in the first place, and complete compliance with the statute as to contents of the petition places before the court the basis for a hearing on the merits.

It appears that the trial court acted *sua sponte* in finding that the claimant had abandoned his claim, and that the claimant was not entitled to participate or continue to participate in the fund. The employer certainly did not seek such findings.

It appears also that such findings were made *sua sponte*, even if the pre-trial conference Rule 17 be considered. This rule reads as follows:

"d. *For failure of the plaintiff or his counsel to appear and participate* in such pre-trial conference, *the case may be dismissed, or at the request of the defendant the court may hear evidence and decide the case.*" (Our emphasis.)

Even under such rule, unless the appealing employer requests it, the court has no power to hear evidence and decide the case. The motion of the employer is contra to such request

and the case was not dismissed but it was retained and law and fact findings were made growing out of the pre-trial conference, when actually there was no fact pleading or other evidence, such as the Industrial Commission record, before the court. Therefore, any findings resulting from the pre-trial conference are void as being contrary to law and based upon no sufficient evidence.

Under no conceivable theory can the pre-trial conference in this case be considered a hearing upon the merits.

If claimant's claim had been denied and he had filed notice of appeal then the thirty-day provision of the statute would be mandatory because he is the appellant and has the burden of coming forward and protecting his appeal. But it does not follow that the thirty-day provision would likewise be mandatory when the employer appeals, for then the employer has the burden of going forward and protecting his appeal and getting it in such shape that he can have his day in court and a hearing upon the merits. By filing his motion to compel the claimant to file his petition, the employer is seeking to do just that. If his motion is granted and the order is enforced, the employer loses no right or benefit and he can still carry the day and prosecute a successful appeal. If his motion be not granted then the most he can obtain is a determination otherwise than on the merits.

The overall legislative intent in the enactment of the 1959 amendment to the Act with its thirty-day provision was not only to speed up the hearing of appeals in workmen's compensation cases but also to give the employer a prompt hearing on the merits of the claimant's claim.

Therefore, in our opinion, the word, "shall," used in the statute in connection with the thirty-day provision is mandatory only when the claimant appeals. A liberal interpretation in favor of the claimant dictates that the word "shall" used in connection with such thirty-day provision is merely directory or permissive, equivalent to "may," when the employer appeals, especially when such employer, in effect, requests the court to so regard the thirty-day provision by moving for an order requiring the claimant to file a belated petition.

It is, therefore, our opinion that the order of the trial court entered December 21, 1961, should be reversed because it is con-

trary to law and the first part of the claimant's assignment of errors is sustained.

As to the order of March 20, 1962, wherein the trial court dismissed claimant's petition to vacate the judgment entered on December 21, 1961, and asked leave to file his petition instanter, we are of the opinion that, since one of the allegations contained in claimant's petition to vacate was that the notice of appeal was never received by claimant, and since the employer filed an answer to the petition to vacate which answer admitted "notice of appeal was never received by claimant," the order dismissing claimant's petition to vacate was contrary to law and an abuse of discretion.

We note that the transcript of appearance docket and journal entries shows that the notice of appeal was filed on September 30, 1961, and that the whole matter was disposed of and the court's opinion released for publication in *Keenan* v. *Young, Admr.*, 18 Ohio Opinions (2d), 155, 179 N. E. (2d), 556, a matter of less than three months, and the petition of the claimant to vacate the order and judgment of December 27, 1961, was filed promptly on February 9, 1962, which petition was dismissed as of March 20, 1962. The whole matter of disposing of this appeal in the Common Pleas Court was accomplished within a period of five months, and while the speeding up of hearings in the appeal of workmen's compensation cases is to be encouraged, the trial court must not act in such haste as to lose sight of the whole forest of the Workmen's Compensation Act by looking at the one particular tree of this particular case.

We, therefore, find that the thirty day proviso as it applies when an employer appeals is directory only and that the judgment of the Common Pleas Court is contrary to law and an abuse of the court's discretion, and this court remands this case to the Common Pleas Court of Tuscarawas County, and that the claimant be allowed and granted authority to file his petition instanter, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

Van Nostran and Rutherford, JJ., concur.