SECHLER, APPELLEE, v. KROUSE, ADMR., BUREAU OF WORKERS' COMPENSATION, APPELLANT, ET AL.

(No. 78-555—Decided December 6, 1978.)

*Messrs, Newcomer, Schaffer, Geesey & Hutton, Messrs. Larrimer & Larrimer* and *Mr. Craig Aalyson,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellant.

SWEENEY, J. In 1913, the General Assembly enacted former G. C. 1465-86 (103 Ohio Laws 88) which, in describing the continuing jurisdiction of the Industrial Commission to change or modify its former orders or findings regarding claims for benefits under the Workers' Compensation Act, provided that "the powers and jurisdiction of the board over each case shall be continuing."

However, in 1931, the General Assembly introduced a time limitation by providing that the commission lacked jurisdiction to change its former orders or findings where the date of the last payment of compensation or benefits (or, in the absence thereof, the date of injury) exceeded ten years (114 Ohio Laws 38).

Further amendments to G. C. 1465-86, now R. C. 4123.-52, followed. In 1967, the General Assembly imposed a special restriction on the commission's jurisdiction to change or modify awards for medical benefits only. R. C. 4123.52 provides, in pertinent part:

"* * * No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death * * *." (132 Ohio Laws 1405.)

Thus, while the commission has jurisdiction to change or modify a prior award for temporary total, permanent partial, or permanent total disability benefits within ten years of the date of the last payment of such award, the commission only has jurisdiction to change or modify a prior award for medical expenses within six years of the date of the injury.

The Court of Appeals, relying on this court's earlier pronouncements in *Emmons* v. *Keller* (1970), 21 Ohio St. 2d 48, *Fleischman* v. *Flowers* (1971), 25 Ohio St. 2d 131, and *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, found that the jurisdictional time limitations effected an unreasonable classification, led to arbitrary and capricious results, and thus conflicted with the equal protection requirements of Section 26 of Article II of the Ohio Constitution. We disagree.

In *Emmons, supra*, this court struck down the second of three alternative eligibility requirements for the receipt of death benefits set forth in R. C. 4123.59. The requirement specified that before a dependent of a deceased worker could receive death benefits, the worker must have received compensation for partial disability during the year preceding his death. Since the requirement arbitrarily denied death benefits to dependents of those workers who had received their maximum compensation for partial disability prior to one year preceding their deaths, the court held the requirement to be unconstitutional. *Emmons, supra*, at page 52.

In *Kinney, supra*, this court struck down the remaining two eligibility requirements contained in R. C. 4123.-59, which provided that before death benefits could be received, the worker's death must have occurred within three years of the injury or the administrator must find that the worker applied for total or partial disability compensation, was examined by a licensed physician and would have been entitled to compensation had he not died. The court found that the application of these prerequisites classified dependents of deceased workers into two groups —those who could meet the requirements and those who could not—despite the fact that members of the latter group may have been dependents of deceased workers who died as a result of injuries received in the course of and arising out of their employment. *Kinney, supra*, at pages 123-124. Inasmuch as no rational basis existed for this classification which was reasonably related to the legitimate state objective of compensating dependents of workers for death occasioned by the workers' employment, this court held that the eligibility requirements were unconstitutional.

Similarly, in *Fleischman* v. *Flowers* (1971), 25 Ohio St. 2d 131, this court held that the provision contained in R. C. 4123.57 limiting eligibility to file an application for the determination of the percentage of permanent partial disability to persons who had received, or would have been eligible to receive, certain benefits, was unconstitutional.

In the instant cause, R. C. 4123.52 is not similar in application to the eligibility requirements held unconstitutional in the cases discussed above, but is more akin to a statute of limitations which applies equally to all workers.

R. C. 4123.52 must be read in conjunction with R. C. 4123.84. The latter section provides, in pertinent part, that a claimant must file written notice with the commission or bureau within two years after the injury or death concerning the specific part or parts of the body so injured. The section provides further that the commission has continuing jurisdiction pursuant to R. C. 4123.52 over a claim meeting the two-year filing requirement.

Once a claim has been timely filed pursuant to R. C. 4123.84, "[i]t is incumbent upon a claimant to timely invoke the continuing jurisdiction granted to the commission by R. C. 4123.52 for additional compensation * * *." *Rummel* v. *Flowers* (1972), 28 Ohio St. 2d 230, 236; see *State, ex rel. Clark,* v. *Krouse* (1977), 52 Ohio St. 2d 201, 205. Failure to file an application for modification of an award within the prescribed time period results in the loss of the substantive right for additional benefits. *State, ex rel. Hammond,* v. *Indus. Comm.* (1945), 144 Ohio St. 477, 480. Thus, it is apparent that the time limitations with respect to the continuing jurisdiction of the commission contained in R. C. 4123.52 operate as a statute of limitations for claimants seeking change or modification of their previously awarded benefits, see *Kittle* v. *Keller* (1967), 9 Ohio St. 2d 177; *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, and not as specific eligibility requirements for benefits.

Under R. C. 4123.52, no worker is prevented initially from filing a claim for benefits under the Act. Rather, all injured workers, so long as they file their first claim for benefits within two years after the injury, have six years from the date of injury to file a claim for additional benefits. The fact that some workers eventually receive certain types of compensation which, in turn, allows them to invoke the continuing jurisdiction of the commission for ten years of the date of the last payment of such compensation, does not create a separate and suspect class, as was the situation present in the cases of *Emmons, Fleischman,* and *Kinney, supra.*

Finally, as noted in *Hammond, supra,* at page 481:

"Statutes of limitation for the prosecution of actions and the assertion of substantive rights have been held constitutionally valid, if the period within which the right must be asserted is reasonable."

In the instant cause, the six-year period within which a claimant may bring an application for the change or modification of a prior award for medical benefits is not

harsh or oppressive. Compared to other statutes of limitation, R. C. 4123.52 provides adequate opportunity for employees to obtain compensation for disability from injuries and for disability which may increase in degree or intensity, or both. See, generally, *Kittle, supra,* at page 180.

Since the Industrial Commission properly dismissed appellee's complaint for lack of jurisdiction pursuant to R. C. 4123.52, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and LOCHER, JJ., concur.