OLECH, Appellee,

v.

**ABB RAYMOND CAST EQUIPMENT COMPANY,**
**Appellant; Mayfield, Admr., et al., Appellees.**

[Cite as *Olech v. ABB Raymond Cast Equip. Co.* (1993), 90 Ohio App.3d 26.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63540.

Decided Aug. 23, 1993.

*Scott Levey,* for appellee Edward Olech.

*Baughman & Assoc. Co.,* L.P.A., *R. Patrick Baughman* and *Keith A. Ganther,* for appellant.

*Lee Fisher,* Attorney General, *Fred J. Pompeani,* Assistant Attorney General, for appellees Administrator James Mayfield, et al.

DYKE, Chief Justice.

Defendant-appellant, ABB Raymond Cast Equipment Company, appeals the judgment of the court of common pleas which denied its motion for summary judgment and granted the cross-motion of plaintiff-appellee, Edward Olech, on his workers' compensation claim.

In its first assignment of error, appellant contends that the trial court erred in denying its motion for summary judgment because appellee's claim was time-barred by R.C. 4123.52 and the Industrial Commission of Ohio was without continuing jurisdiction to consider appellee's motion for the reinstatement of his claim.

In its second assignment of error, appellant contends that the trial court erred in granting appellee's cross-motion for summary judgment because the Industrial Commission's order "suspending" appellee's claim indefinitely did not operate to toll the six-year statute of limitations.

Appellant's assignments of error are not well taken. For the reasons which follow, the judgment of the trial court is affirmed.

On August 8, 1977, appellee injured his finger. On May 7, 1978, he timely filed a C–92 application for permanent partial disability. On October 24, 1978, the commission recognized appellee's claim but ordered that the claim "be held in suspense indefinitely as the claimant has twice failed to appear for a medical exam as required."

On February 19, 1988, ten years, six months and eleven days after the date of injury, appellee filed a C–86 motion requesting that his claim be reinstated and that a C–92 medical exam be scheduled. Appellee's motion was granted on September 15, 1988 by a district hearing officer [1] and that order was affirmed by the Cleveland Regional Board of Review. Appellant appealed the board's ruling but the appeal was denied. On March 27, 1991, appellant filed a motion for reconsideration. The commission's response, however, does not appear in the record.

On April 23, 1991, appellant filed its notice of appeal pursuant to R.C. 4123.519.

On August 7, 1991, appellee filed a motion to dismiss, contending that the court was without jurisdiction to hear the appeal as the commission's order related to a

---

1. The district hearing officer's order states in pertinent part:
 "THIS CLAIM IS RECOGNIZED FOR: Lacerated left 4th finger.
 "The claimants [sic] C–86 requesting a C–92 medical exam is granted. The claim is referred to Cleveland Medical for scheduling this exam. The medical section should note that, although the claimants [sic] mailing address is in Ohio, he is currently living in * * * Florida and requests the exam be done in Florida if possible."

determination of the "extent of [appellee's] disability" and not the appellee's right to participate in the fund.[2]

On September 13, 1991, appellant filed a motion for summary judgment, arguing that the continuing jurisdiction of the commission had expired on August 8, 1983 because appellee had received no compensation within six years of the date of his injury.

On October 24, 1991, appellee filed his cross-motion for summary judgment, arguing that the commission's suspension of appellee's claim operated to toll the six-year statute of limitations provided by R.C. 4123.52 and that under proper rules of statutory construction and *State ex rel. Consolidation Coal Co. v. Indus. Comm., supra,* appellee's claim was timely.

On March 17, 1992, the trial court, denied appellee's motion to dismiss, denied appellant's motion for summary judgment and granted appellee's cross-motion for summary judgment, without opinion.

I

"The trial court erred in denying appellant's motion for summary judgment."

II

"The trial court erred in granting the appellee's motion for summary judgment."

In support of its first and second assignments of error, appellant, citing *Felske v. Daugherty* (1980), 64 Ohio St.2d 89, 18 O.O.3d 313, 413 N.E.2d 809, claims that it is entitled to judgment as a matter of law because in the absence of receipt of compensation for temporary, partial or permanent total disability under R.C. 4123.56, 4123.57 or 4123.58, or payment of wages in lieu of compensation in a manner so as to satisfy R.C. 4123.84,[3] a claimant's application for a determination of the percentage of permanent partial disability is time-barred by R.C. 4123.52's six-year statute of limitations.

Appellant's statement of law is correct; however, appellant's reliance on *Felske* is misplaced and its argument fails for two reasons.

---

2. Appellee's argument is without merit as *State ex rel. Consolidation Coal Co. v. Indus. Comm.* (1985), 18 Ohio St.3d 281, 283, 18 OBR 333, 334–335, 480 N.E.2d 807, 809, holds that "a determination that a claim is, or is not, barred by R.C. 4123.52 constitutes a decision as to a claimant's right to participate in the State Insurance Fund and, consequently, is appealable pursuant to R.C. 4123.519. *Valentino v. Keller* (1967), 9 Ohio St.2d 173 [38 O.O.2d 412, 224 N.E.2d 748]."

3. R.C. 4123.84 requires that injured workers file their initial claim within two years from the date of injury.

■ First, it ignores the fact that the commission, in the exercise of its proper jurisdiction, suspended appellee's claim "indefinitely." Second, in contravention of established rules of statutory construction,[4] appellant argues against the commission's continuing jurisdiction, by relying exclusively upon the first two sentences of R.C. 4123.52, ignoring completely the third sentence of the statute.

■ R.C. 4123.52, Industrial Commission has continuing jurisdiction, provides:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. *This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the applicable time limit as provided in this section.*" (Emphasis added.)

Under established rules of statutory construction, the third sentence of R.C. 4123.52 must also be given effect. This construction permitted the commission to find and the Supreme Court of Ohio to hold that the commission could retain continuing jurisdiction if a claimant received compensation *or filed an application for compensation within six years of the date of injury.*[5] See *State ex rel.*

---

4. The various provisions of the workers' compensation law, being *in pari materia,* must be construed together. *State ex rel. Rothoff v. Indus. Comm.* (1945), 144 Ohio St. 327, 29 O.O. 504, 58 N.E.2d 956. The workers' compensation law "must be construed as a whole so as to give effect to every word and clause in it. * * *" *Kennan v. Young* (1963), 119 Ohio App. 233, 235, 27 O.O.2d 102, 103, 195 N.E.2d 382, 385.

5. In *Consolidation Coal, supra,* the claimant sustained a neck injury and the commission ordered the employer to pay medical expenses. Eight years later, as a result of his original injury, the claimant filed a C–92 application for permanent partial disability compensation. The commission initially denied the application, finding that it lacked jurisdiction because the claimant neither received compensation nor filed an application to receive compensation

*Consolidation Coal Co. v. Indus. Comm., supra,* 18 Ohio St.3d at 283, 18 OBR at 334–335, 480 N.E.2d at 809.

 In the instant case, appellee filed his claim in a timely basis in compliance with R.C. 4123.84, *viz.,* within two years of the date of his injury. The commission recognized appellee's claim, but suspended it indefinitely. Appellee contended below and contends on appeal that the commission's suspension operated to toll the statute's six-year statute of limitations. Appellee's argument is well taken, particularly in light of the fact that the Ohio Administrative Code provides for such suspension.

Ohio Adm.Code 4123–3–12, suspension of the processing of claims, provides that:

"(A) When the Bureau, Board or the Commission orders an injured or disabled employee to submit to medical examination and such employee refuses to be examined or in any way obstructs the examination, the employee's claim for compensation shall be suspended during the period of his refusal or obstruction.

"(B) In the event an employee fails to supply required facts, complete the required forms, submit to medical examinations ordered by the Commission, Board or Bureau or submit other proof which may be requested or in any way unduly delays the expeditious processing of his claim, the Bureau, Board or Commission may withhold action on the claim and may withhold future actuarial reserve while such situation obtains. In such cases further consideration *shall* be given to the claim when the employee remedies the condition which invoked suspension of action on the claim." (Emphasis added.)

---

within the purview of R.C. 4123.52. The commission subsequently vacated its order and exercised jurisdiction when it determined that a letter, sent within six years of the date of injury, was the functional equivalent of a C–92 application. In affirming the commission's continuing jurisdiction, the court stated:

" * * * If a claimant has, since the date of injury, received temporary, partial or permanent total disability compensation under R.C. 4123.56, 4123.57 or 4123.58, respectively, or has received wages in lieu of compensation pursuant to R.C. 4123.84, then the commission may consider an application for additional compensation as long as the application is submitted within ten years of the last payment of such compensation. * * * " *Id.,* 18 Ohio St.3d at 283, 18 OBR at 334–335, 480 N.E.2d at 809.

The court acknowledged that the claimant had received none of the above-mentioned compensation within ten years of the date of injury, but, nevertheless, held that the failure to obtain such compensation did not preclude the commission from considering the claimant's application under R.C. 4123.52, *"if it could be determined that an application for compensation was submitted within six years of the date of the injury."* (Emphasis added.) *Id.* at 283, 18 OBR at 334–335, 480 N.E.2d at 809.

This holding is consistent with appellee's argument that the third sentence of R.C. 4123.52 must also be given effect in a proper construction of the statute.

■ The record demonstrates that the commission possessed jurisdiction over appellee's claim when it ordered suspension. The record also demonstrates that the appellee remedied "the condition which invoked suspension of action" by requesting the scheduling of a C–92 medical exam. While there is no case law directly on point, nothing in the record or in related case law suggests that the commission was divested of its continuing jurisdiction between the time it suspended appellee's claim and the time the appellee remedied the condition which invoked that suspension. Hence, when appellee filed his C–86 motion requesting a C–92 medical exam, the commission was obliged under Ohio Adm.Code 4123–3–12 to resume action on appellee's claim. In *Sechler v. Krouse* (1978), 56 Ohio St.2d 185, 190, 10 O.O.3d 349, 351–352, 383 N.E.2d 572, 574, the Supreme Court held:

"Once a claim has been timely filed pursuant to R.C. 4123.84, '[i]t is incumbent upon a claimant to timely invoke the continuing jurisdiction granted to the commission by R.C. 4123.52 for additional compensation * * *.' *Rummel v. Flowers* (1972), 28 Ohio St.2d 230, 236 [57 O.O.2d 467, 471, 277 N.E.2d 422, 426]; see *State ex rel. Clark v. Krouse* (1977), 52 Ohio St.2d 201, 205 [6 O.O.3d 458, 460–461, 371 N.E.2d 538, 540]. Failure to file an application for modification of an award within the prescribed time period results in the loss of the substantive right for additional benefits. *State ex rel. Hammond v. Indus. Comm.* (1945), 144 Ohio St. 477, 480 [30 O.O. 100, 101, 59 N.E.2d 745, 746]. Thus, it is apparent that the time limitations with respect to the continuing jurisdiction of the commission contained in R.C. 4123.52 operate as a statute of limitations *for claimants seeking change or modification of their previously awarded benefits*, see *Kittle v. Keller* (1967), 9 Ohio St.2d 177 [38 O.O.2d 414, 224 N.E.2d 751]; *Gregory v. Flowers* (1972), 32 Ohio St.2d 48 [61 O.O.2d 295, 290 N.E.2d 181], *and not as specific eligibility requirements for benefits*." (Emphasis added.)

The record demonstrates that appellee had received no previously awarded benefits to change or modify. Rather, his C–86 motion sought to resume a determination of the extent of an initial award.

On August 8, 1977, the date of appellee's injury, the statute began to run. The statute stopped running on October 24, 1978, when the commission suspended appellee's claim. The statute started running again on either February 19, 1988, when appellee filed his C–86 motion, or on September 15, 1988, when the district hearing officer granted appellee's motion for a C–92 medical exam. Thus, less than two [6] years of the six-year statute of limitations elapsed under R.C. 4123.52. Hence, appellee's application was timely.

---

6. Reporter's Note: By a January 6, 1994 *nunc pro tunc* entry, the court amended this sentence, by changing the word "four" to "two," as now shown.

The trial court did not err in denying appellant's motion for summary judgment and granting appellee's cross-motion for summary judgment. Appellant's first and second assignments of error are, therefore, overruled.

Based upon the specific facts of this case, to wit, the commission's suspension of appellee's claim, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN F. CORRIGAN and JAMES D. SWEENEY, JJ., concur.