THE STATE EX REL. ROMANS, APPELLEE, *v.* ELDER BEERMAN STORES CORP.; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Romans v. Elder Beerman Stores Corp.,* 100 Ohio St.3d 165, 2003-Ohio-5363.]

(No. 2003–0175—Submitted August 26, 2003—Decided October 22, 2003.)

———————

**Per Curiam.**

{¶ 1} Appellee-claimant, Steven Romans, was injured on the job on November 17, 1992. A workers' compensation claim was allowed, and claimant was treated regularly over the next six years.

{¶ 2} Claimant moved appellee Industrial Commission of Ohio for permanent partial disability compensation in March 1999. The commission denied his request, finding that the claim had lapsed for lack of any compensation payment in the six years following the injury. The commission relied on the version of R.C. 4123.52 in effect on claimant's date of injury:

{¶ 3} "No * * * finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code or wages in lieu of compensation * * *." 1989 Am.Sub.H.B. No. 222, 143 Ohio Laws, Part II, 3356.

{¶ 4} Claimant asserted that R.C. 4123.52 as amended by Am.Sub.H.B. No. 107, effective October 20, 1993, controlled, and petitioned the Court of Appeals for Franklin County for a writ of mandamus. Amended R.C. 4123.52 read:

{¶ 5} "No * * * finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the * * * finding, or award shall be made within six years after the payment of medical benefits * * *." 145 Ohio Laws, Part II, 3156.

{¶ 6} House Bill 107, Section 7, also stated, "Sections 1 and 2 of this act [including the amendment to R.C. 4123.52] apply to all claims for benefits or compensation, or both, filed on or after, and to all claims pending on the effective date * * *." 145 Ohio Laws, Part II, 3200. Thus, the amended statute, if applicable, would preserve claimant's right to participate in the workers' compensation system. On claimant's petition, the Court of Appeals for Franklin County found that the amended statute indeed governed and granted a writ of mandamus ordering the commission to consider claimant's application on the merits.

{¶ 7} This cause is now before this court upon an appeal as of right.

{¶ 8} R.C. 4123.52 incorporates three statutes of limitations, of two, six, and ten years. We most commonly encounter the two-year limitation, usually within the context of a retroactive compensation award. The other statutes of limitations are directed at dormant claims, permitting finality through extinguishment after a set period of inactivity.

{¶ 9} Amended R.C. 4123.52 did not change the length of time of inactivity that causes a claim to lapse. Instead, in effect it changed the definition of inactivity. Before, a claim was deemed fatally inactive if no compensation was paid within six years of the date of injury, even if medical bills had been paid within that time. Now, the payment of medical bills tolls the statute of limitations and is the new point from which to measure the six-year period.

{¶ 10} Claimant's date of injury preceded the amendment's effective date, placing its applicability at issue. If the amendment is controlling, his claim remains open. If not, it is forever lapsed. For the reasons to follow, we find that amended R.C. 4123.52 governs.

{¶ 11} A law may be applied retroactively if (1) there is an express legislative intent that it do so and (2) it affects a remedial, not substantive, right. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. The first point, in the instant case, was settled by *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 744 N.E.2d 708. *Kilbane* also involved H.B. 107 and declared that the disputed language on "pending" claims was an express statement of a legislative desire for retroactivity.

{¶ 12} The commission acknowledges *Kilbane* but relies on *John Ken Alzheimer's Ctr. v. Ohio Certificate of Need Review Bd.* (1989), 65 Ohio App.3d 134, 583 N.E.2d 337. That case loosely described "pending" as encompassing some degree of suspense or incompletion. The commission argues that because no request for compensation or benefits was open and unadjudicated when the statute took effect, there was nothing pending.

{¶ 13} The commission accurately describes the application of this definition to the case at bar. It forgets the larger question, however, of whether it *should* apply, and that query must be answered in the negative. *John Ken* is a court of appeals case that was decided over a decade before *Kilbane*. *Kilbane* is directly on point and provides the only standard by which to review legislative intent here. Accordingly, the commission's position must fail.

{¶ 14} The second question of remedial versus substantive legislation is more difficult. *Van Fossen*—the preeminent case on statutory retroactivity—acknowledged at the outset the often fine line between substantive and remedial enactments. Examples of the former include laws that (1) impair or destroy vested rights, (2) affect accrued substantive rights, (3) impose new "burdens, duties, obligations or liabilities as to a past transaction," (4) create a new right, or (5) generate or eliminate the right to sue or defend actions of law. *Van Fossen*, 36 Ohio St.3d at 107, 522 N.E.2d 489.

{¶ 15} Remedial provisions, on the other hand, are just what the name denotes—those that affect only the remedy provided. Id. For years statutes of limitation were routinely characterized as remedial. In the 1970s, however, we observed:

{¶ 16} "Whatever the cause for the initial classification of statutes of limitations as procedural or remedial, * * * the effects of their increasingly automatic characterization as such have proved burdensome in many respects. For example, while such statutes are procedural in the sense that they regulate the time within which litigation must be commenced, they also smack of substance because

they operate to extinguish a party's accrued right to seek recovery." *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, 55, 61 O.O.2d 295, 290 N.E.2d 181.

{¶ 17} Interestingly, a case cited by the commission—*Sechler v. Krouse* (1978), 56 Ohio St.2d 185, 10 O.O.3d 349, 383 N.E.2d 572—favors its opponent's characterization of R.C. 4123.52 as remedial. Concerned not with retroactivity but with an equal protection challenge, we nevertheless described the statute this way:

{¶ 18} "[I]t is apparent that the time limitations with respect to the continuing jurisdiction of the commission contained in R.C. 4123.52 operate as a statute of limitations for claimants seeking change or modification of their previously awarded benefits, and not as specific eligibility requirements for benefits." (Citation omitted.) Id. at 190, 10 O.O.3d 349, 383 N.E.2d 572.

{¶ 19} This describes the mechanism for the enforcement of an existing right. In the same vein, *Van Fossen* specifically labeled as remedial those laws that "merely substitute a new or more appropriate remedy for the enforcement of an existing right," 36 Ohio St.3d at 107, 522 N.E.2d 489, and it is this characterization that most strongly supports the designation in this case.

{¶ 20} The amendment did not alter claimants' already established right to participate but instead—in the words of *Van Fossen*—fashioned a "more appropriate remedy for the enforcement of [that] existing right." Now, a claim that is labeled inactive truly is just that, lacking both compensation payment *and* medical treatment.

{¶ 21} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Stephen E. Mindzak Law Offices, L.L.C., and Stephen E. Mindzak, for appellee.

Jim Petro, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellant.

Philip J. Fulton Law Office, Philip J. Fulton, William A. Thorman III and Jonathan H. Goodman, urging affirmance for amicus curiae Ohio Academy of Trial Lawyers.