[Cite as *Perez v. Univ. Hosp. Health Sys.*, 2012-Ohio-5896.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98427**

---

## HECTOR PEREZ

PLAINTIFF-APPELLANT

vs.

## UNIVERSITY HOSPITALS HEALTH SYSTEM, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-761580

**BEFORE:** Celebrezze, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 13, 2012

**ATTORNEY FOR APPELLANT**

John C. Bucalo
1370 Ontario Street
Suite 330
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEES**

**For University Hospitals Health System**

Erin Hooper
Kirk R. Henrikson
Rademaker, Matty, McClelland & Grev, L.L.C.
55 Public Square
Suite 1775
Cleveland, Ohio   44113

**For Administrator, Ohio Bureau of Workers' Compensation**

Mike DeWine
Ohio Attorney General
30 East Broad Street
17th Floor
Columbus, Ohio   43215

Naveen Ramprasad
Assistant Attorney General
615 West Superior Avenue
11th Floor
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Plaintiff-appellant, Hector L. Perez, appeals the order of the common pleas court granting summary judgment in favor of defendants-appellees, University Hospitals Health System, et al. ("UH"). After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶2} On October 1, 2001, appellant sustained an injury to his lower back in the course of and arising out of his employment with UH. As a result of this incident, appellant filed a workers' compensation claim, which was assigned claim No. 01-888771 for the conditions "sprain lumbosacral, neuritis lumbosacral." UH, a self-insured employer for workers' compensation purposes, issued payments for medical bills under claim No. 01-888771 from February 7, 2002, through November 13, 2003.

{¶3} On September 13, 2008, appellant sustained a mid and low back injury while lifting oxygen tanks in the course of his employment with UH. UH initially attempted to certify the 2008 injury as a continuation of claim No. 01-888771. However, on September 24, 2008, appellant filed a First Report of Injury and/or Occupational Disease with the Bureau of Workers' Compensation alleging a separate and distinct injury from claim No. 01-888771. While this issue was pending before the Industrial Commission of Ohio, all medical bills associated with appellant's 2008 injury were processed under claim No. 01-888771 due to UH's certification of the September 13, 2008 incident as a

reinjury. The medical payment history following appellant's 2008 injury covered the period May 18, 2009, through March 24, 2010.

**{¶4}** This matter went to hearing before the Industrial Commission and, on January 29, 2009, a district hearing officer for the Industrial Commission ruled that the incident of September 13, 2008, constituted a new injury, not a reinjury of appellant's 2001 claim. Accordingly, the Industrial Commission assigned claim No. 08-861676 for the conditions "sprain lumbar region and sprain thoracic region." Subsequently, and in response to the district hearing officer's decision, UH transferred the previous payments of medical bills incurred as a result of appellant's 2008 injury under the newly certified claim No. 08-861676.

**{¶5}** On April 19, 2010, appellant filed an application for the determination of percentage of permanent partial disability on the 2001 claim. On September 7, 2010, a district hearing officer granted the application and issued an order finding that appellant sustained permanent partial disability pursuant to the provisions of R.C. 4123.57. UH's appeal, filed September 24, 2010, was denied when an Industrial Commission staff hearing officer affirmed the order on November 2, 2010.

**{¶6}** On December 10, 2010, UH made an application to the Industrial Commission requesting that the commission exercise its continuing jurisdiction and vacate the November 2, 2010 order finding permanent partial disability for the reason that appellant's 2001 claim had statutorily expired pursuant to R.C. 4123.52. On January 26, 2011, a staff hearing officer denied UH's motion. Subsequently, UH appealed to the

Industrial Commission, which issued an order on June 16, 2011, finding continuing jurisdiction and declaring that appellant's 2001 claim had statutorily expired on November 13, 2009, because the last medical payment made under appellant's 2001 claim occurred on November 13, 2003.

{¶7} On August 9, 2011, appellant filed a notice of appeal and complaint in the Cuyahoga County Court of Common Pleas. Thereafter, the parties filed cross-motions for summary judgment. On May 3, 2012, the trial court granted summary judgment in favor of UH finding that appellant's 2001 claim had statutorily expired.

{¶8} Appellant brings this timely appeal, raising two assignments of error for review:

> I.    The trial court erred when it granted Defendant's motion for summary judgment.
>
> II.   The trial court erred when it denied Plaintiff's motion for summary judgment.

Law and Analysis

I.   Standard of Review

{¶9} We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶10} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶11} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id*. at 293.

## II. Application of R.C. 4123.52

{¶12} The issue before this court and brought by the parties under Civ.R. 56, is whether appellant's 2001 claim has statutorily expired. R.C. 4123.52 governs the continuing jurisdiction of the Industrial Commission of Ohio and essentially places a statute of limitations on workers' compensation claims. *Sechler v. Krouse*, 56 Ohio St.2d 185, 383 N.E.2d 572 (1978). R.C. 4123.52,[1] as was in effect at the time of appellant's 2001 claim, read in relevant part:

> The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and

---

[1] As modified by H.B. 107. The current version of R.C. 4123.52 applies to workers' compensation claims arising after August 15, 2006, which confers a five-year statute of limitations.

the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. *No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six years after the payment of medical benefits*, or in the absence of payment of compensation under section 4123.57, 4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. (Emphasis added.)

**{¶13}** In the case at hand, the record supports UH's position that appellant's 2001 claim involved the payment of "medical benefits" only. Accordingly, the applicable statute of limitations period for appellant's 2001 claim is six years from the date of the last payment of a medical bill by UH for those injuries stemming from the 2001 injury. Pursuant to R.C. 4123.52, once the applicable six-year period under R.C. 4123.52 expired, the commission was without power to make any further findings, awards, or orders, and the claim was deemed to have lapsed.

**{¶14}** In support of his motion for summary judgment, appellant argues that, at a minimum, the expiration date for his 2001 claim would be March 24, 2016, based on UH's decision to file its initial payment of appellant's medical bills from May 18, 2009, through March 24, 2010, under appellant's 2001 claim number.

**{¶15}** In contrast, UH maintains that because appellant's 2008 injury was subsequently certified as a new and separate claim, it was entitled to transfer all previous medical payments stemming from the 2008 injury, which were previously filed under claim No. 01-888771, to appellant's new claim No. 08-861676. Thus, UH submits that the last medical payment stemming from appellant's 2001 injury was made on November 13, 2003, therefore precluding appellant's ability to seek permanent partial disability as of November 13, 2009, under the applicable six-year statute of limitations.

**{¶16}** This court finds that UH's position is more logical. As determined by the Industrial Commission's district hearing officer, appellant's 2008 injury constituted a new injury that was separate and distinct from his 2001 injury. Thus, the record establishes that all payments made subsequent to September 2008 were made in relation to the medical treatment appellant received for the new injuries identified in claim No. 08-861676. Appellant simply did not receive medical treatment for his 2001 injuries following UH's payment of a medical bill on November 13, 2003.

**{¶17}** For these reasons, we find no merit to appellant's position that UH's initial payment of his medical bills stemming from his 2008 injury under his 2001 claim number tolled the statute of limitations on his 2001 claim. The record reflects that UH only submitted medical payments for appellant's 2008 injury under his 2001 claim number because the issue of whether appellant's 2008 injury constituted a new injury or a continuation of his 2001 injury was pending before the Industrial Commission. Until the Industrial Commission resolved this issue, UH had no choice but to file the medical

payments stemming from appellant's 2008 injury under the 2001 claim. Once the Industrial Commission determined that appellant's 2008 injury was not a continuation of his 2001 claim, UH was free to correct its records and reclassify and process all previous medical payments stemming from appellant's 2008 injury under the new 2008 claim number.

{¶18} Similarly, we find no merit to appellant's assertion that the ten-year statute of limitations for "compensation" under R.C. 4123.52 was invoked once payment of appellant's permanent and partial disability award was made on December 8, 2010. While we agree that payment of appellant's permanent and partial disability award amounted to payment of "compensation" under the claim, the record reflects that appellant was only awarded permanent and partial disability based on the district hearing officer's incorrect belief that appellant's 2001 claim had not expired. On appeal, the compensation award was properly vacated. Thus, we are unable to conclude that the vacated award of permanent and partial disability invoked the ten-year statute of limitations outlined in R.C. 4123.52.

{¶19} Based on the foregoing, we conclude that the last payment made as a result of appellant's injury in 2001 was on November 13, 2003. As such, appellant's 2001 claim expired, pursuant to R.C. 4123.52, on November 13, 2009. There being no genuine issue of material fact as to the expiration of claim No. 01-888771, UH is entitled to judgment as a matter of law. Accordingly, the trial court properly granted summary judgment in favor of UH, while denying appellant's motion for summary judgment.

**{¶20}** Appellant's first and second assignments of error are overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR