[Cite as *Weisenauer v. Am. Standard, Inc.*, 2014-Ohio-1569.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

KENNETH L. WEISENAUER,

    PLAINTIFF-APPELLANT,              CASE NO. 13-13-25

    v.

AMERICAN STANDARD, INC., ET AL.,       O P I N I O N

    DEFENDANTS-APPELLEES.

---

**Appeal from Seneca County Common Pleas Court**
**Trial Court No. 2012 CV 0261**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   April 14, 2014**

---

**APPEARANCES:**

    *Theodore A. Bowman* **for Appellant**

    *Timothy E. Cowans*  **for Appellee, American Standard**

Case No. 13-13-25

**SHAW, J.**

{¶1} Plaintiff-appellant Kenneth Weisenauer ("Weisenauer") appeals the June 3, 2013, judgment of the Seneca County Common Pleas Court granting defendant-appellee American Standard, Inc., summary judgment on the basis that Weisenauer's claim for Workers' Compensation was time-barred by the statute of limitations.

{¶2} The facts relevant to this appeal are as follows. Weisenauer began working for American Standard in 1971. On November 26, 2007, Weisenauer was diagnosed with, and began treatment for, silicosis. American Standard "does not dispute that [Weisenauer] contracted the occupational disease silicosis in the course of and arising out of his employment with the company." (Doc. 21).

{¶3} Following his diagnosis, Weisenauer continued to work for American Standard through December of 2007 without missing any time on account of the disease. In December of 2007, American Standard closed the plant where Weisenauer worked.[1]

{¶4} On November 3, 2010, Weisenauer filed an application for the right to participate in workers' compensation benefits for an occupational disease contracted in the course of and arising out of his employment. American Standard

---

[1] American Standard alleges in its brief that Weisenauer then retired. The only evidence in the record seems to be Weisenauer's admission that "[t]he plant closed and American Standard no longer [had] any work for [him]." Weisenauer specifically denies that he quit work at that time, thus nothing in the record conclusively establishes that Weisenauer retired. (Doc. 19, Ex. B.).

contested the application, arguing that Weisenauer's claim was time-barred by the statute of limitations set out in R.C. 4123.85.

{¶5} An administrative hearing was held on the matter before a District Hearing Officer on February 1, 2012. The District Hearing Officer rejected American Standard's statute of limitations defense finding that under the Ohio Supreme Court case of *White v. Mayfield*, 37 Ohio St.3d 11 (1988), wherein the Ohio Supreme Court analyzed R.C. 4123.85, Weisenauer's claim was timely.

{¶6} American Standard subsequently filed an appeal from the District Hearing Officer's decision. On April 13, 2012, an administrative hearing was held on the matter before a Staff Hearing Officer. The Staff Hearing Officer concurred with the District Hearing Officer's finding that pursuant to *White v. Mayfield* the claim was timely filed and not barred by the statute of limitations. In addition, the Staff Hearing Officer further noted that this determination was consistent with the Industrial Commission's interpretation of relevant authorities as memorialized in

Case No. 13-13-25

Commission Memo B3.[2]

{¶7} American Standard appealed the Staff Hearing Officer's decision but that appeal was denied by order mailed May 15, 2012.

---

[2] Industrial Commission Memo B3 reads:

**April 17, 2002**          **Memo B3**
**State of Ohio**
**Industrial Commission**
**Policy Statements and Guidelines**

**ORC 4123.85 and *White v. Mayfield***

**There appears to be confusion as to the Industrial Commission's application of the case *White v. Mayfield* (1988), 37 Ohio St.3d 11. *White* provided that the disability date necessary for the application of the statute of limitations contained in ORC 4123.85, occurs when the injured worker first became aware through medical diagnosis that he or she was suffering from such a disease, or the date on which the injured worker first received medical treatment for such a disease, which ever date is the latest. While there does not seem to be much confusion as to the date of diagnosis or the date of first medical treatment, there is confusion in situations where either the injured worker retired prior to being diagnosed with an occupational disease and/or where there is no request for disability compensation.**

**It is the Commission's position that where there has not been a request for disability compensation or where the injured worker retired prior to being diagnosed with an occupational disease that involves a long latency period, that the claim is timely filed. Claims are only untimely filed pursuant to *White* where they have been filed more than two years after diagnosis and first medical treatment <u>and</u> two years after the injured worker quit work on account of the disease. *If an injured worker has not yet quit work on account of the disease, the two-year period has not even begun to run.***

**This position is consistent with ORC 4123.68 that provides a claim may be compensable to the extent of payment of medical and hospital bills even if the injured worker is not disabled from work due to the disease.**

**The limitation period begins to run when the latest of the three elements in *White* occurs. *If the last element has not yet occurred, 4123.85 has not begun to run.* Therefore, the claim application is to be found timely filed.**

(Emphasis added.) (Doc. 19, Ex. A-6).

{¶8} On May 30, 2012, American Standard filed a request for reconsideration, and that request was denied by the commission in an order filed June 27, 2012.

{¶9} On July 13, 2012, American Standard subsequently appealed to the Seneca County Common Pleas Court. (Doc. 2).

{¶10} On August 1, 2012, Weisenauer filed a complaint against American Standard and Stephen Buehrer in his capacity as administrator of the Bureau of Workers' Compensation. (Doc. 8).

{¶11} On August 9, 2012, American Standard filed its answer. (Doc. 13).

{¶12} On August 31, 2012, the Bureau of Workers' Compensation filed its answer. (Doc. 15).

{¶13} On October 31, 2012, a preliminary pretrial conference was held wherein the trial court ordered a briefing schedule for American Standard to file a summary judgment motion. (Doc. 18).

{¶14} On January 15, 2013, American Standard filed a motion for summary judgment, arguing that the facts in this case were undisputed and that Weisenauer's claim was time-barred by the statute of limitations in R.C. 4123.85. (Doc. 19).

{¶15} On April 17, 2013, Weisenauer filed a memorandum in opposition to American Standard's motion for summary judgment and a motion for leave to file

a cross-motion for summary judgment and a memorandum in support. (Doc. 20). In response to American Standard's summary judgment motion, Weisenauer argued that the Ohio Supreme Court's interpretation of the statute of limitations in R.C. 4123.85 in *White*, *supra*, would make Weisenauer's claim timely as it had previously been found in the administrative hearings. Weisenauer then also claimed that as the facts were not in dispute, and as his claim was not time-barred pursuant to *White*, he should be granted leave to file a motion for summary judgment.

{¶16} On April 22, 2013, American Standard filed a reply brief in support of its motion for summary judgment and a memorandum contra to Weisenauer's motion for leave to file cross-motion for summary judgment. (Doc. 21).

{¶17} On April 26, 2013, Weisenauer filed a reply in support of its motion for leave to file cross-motion for summary judgment. (Doc. 22).

{¶18} On June 3, 2013, the trial court filed an entry granting American Standard's motion for summary judgment. (Doc. 24). In so doing, the trial court stated

> **Upon review of the respective motions, memorandum contra and reply the Court finds that Plaintiff-Appellee failed to timely file his occupational disease claim within the applicable statute of limitations set forth in R.C. §4123.85. As a result, the Court finds that there is no genuine issue of material fact and Defendants are entitled to summary judgment as a matter of law.**

> **Due to the granting of Defendant-Appellant's Motion for Summary Judgment, Plaintiff-Appellee's Motion for Leave to File Motion for Summary Judgment is moot, and therefore, denied.**

(Doc. 24).

{¶19} It is from this judgment that Weisenauer appeals, asserting the following assignment of error for our review.

### ASSIGNMENT OF ERROR 1
### THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT THE RIGHT TO PARTICIPATE FOR SILICOSIS ON THE BASIS THAT HIS CLAIM WAS BARRED BY THE STATUTE OF LIMITATIONS.

*Summary Judgment Standard*

{¶20} Initially, we note that an appellate court reviews a grant of summary judgment de novo, without any deference to the trial court. *Conley–Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (6th Dist.1998). A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Marusa v. Erie Ins. Co.*, 136 Ohio St.3d 118, 2013-Ohio-1957, ¶ 7.

{¶21} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, syllabus (1988). The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. *See* Civ.R. 56(E).

*Weisenauer's Assignment of Error*

{¶22} In Weisenauer's assignment of error, he argues that the trial court erred in granting summary judgment to American Standard. Specifically, Weisenauer contends that *White v. Mayfield*, 37 Ohio St.3d 11 (1988), interprets the statute of limitations governing this case, R.C. 4123.85, and provides guidelines for when a "disability" is determined under the statute. According to Weisenauer, applying *White* to this case, the statute of limitations has not run and the claim would, therefore, not be time-barred.

{¶23} R.C. 4123.85 establishes the time period for the filing of claims alleging a disability due to an occupational disease. It reads as follows.

> **In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits are**

> **forever barred unless, [1] within two years after the disability
> due to the disease began, or [2] within such longer period as does
> not exceed six months after diagnosis of the occupational disease
> by a licensed physician or [3] within two years after death
> occurs, application is made to the industrial commission or the
> bureau of workers' compensation or to the employer if he is a
> self-insuring employer.**

R.C. 4123.85.[3]

{¶24} The parties agree in this case that the deadlines we enumerated as numbers 2 and 3 in R.C. 4123.85 are inapplicable here and are not at issue. The central issue in this case deals with the clause we enumerated as number 1, which requires Weisenauer to file an application for benefits within two years of the time that his "disability due to the disease began." Thus, in this case, we must determine if Weisenauer's claim was filed within two years of the onset of his "disability."

{¶25} The Ohio Supreme Court considered the specific question of when a "disability due to an occupational disease" begins in *White v. Mayfield*, 37 Ohio St.3d 11 (1988), which proves instructional here and is binding upon us. In *White*, the claimant worked for a company for 29 years until the company ceased business in 1982. *White* at 11. Due to working in close proximity to "drop forge hammers which emit a great deal of loud noise," the claimant began wearing a hearing aid in 1973. *Id.* Even though the claimant began wearing the hearing aid

---

[3] The numbers were added for ease of reference.

in 1973, and was diagnosed with hearing loss due to his employment in 1978, claimant continued to work until the company went out of business in 1982. *Id.* The claimant in *White* filed his application for workers' compensation benefits in 1983. *Id.*

{¶26} In *White*, the administrator argued that the claimant's cause of action accrued at the time he was diagnosed as having an occupational hearing loss, and that since the claim was not filed until approximately five years after diagnosis, the claim was time-barred under R.C. 4123.85. *Id.* at 12.

{¶27} The Ohio Supreme Court determined in *White* that "the triggering event of R.C. 4123.85 is the *disability* brought on by the occupational disease, not the diagnosis itself." (Emphasis sic.) *Id.* at 13. Thus the court found that the two year statute of limitations began to run *from the moment claimant was disabled*.

{¶28} The court then went on to define "disability" for purposes of R.C. 4123.85, as it was not "defined anywhere in R.C. Chapter 4123." *Id.* at 13. Ultimately, the Court adopted the following definition for disability due to an occupational disease pursuant to R.C. 4123.85.

> **[D]isability due to an occupational disease shall be deemed to have begun [1] as of the date on which the claimant first became aware through medical diagnosis that he was suffering from such disease or [2] the date on which he first received medical treatment for such disease or [3] the date claimant first quit work on account of such disease, *whichever date is latest*.**

(Emphasis added.) *Id.* at 14.[4]

{¶29} Based on this definition of disability, the Court in *White* found that claimant's case was not time-barred by the statute of limitations as two years had not elapsed from the latest possible date.

{¶30} Applying *White*'s definition of when a "disability due to an occupational disease" is deemed to have begun to the case before us, it is undisputed that Weisenauer never quit work *on account of his disease*. Weisenauer stopped working for American Standard when the plant closed. However, there is nothing in the record to establish that Weisenauer retired at the time the plant closed. Rather, the only evidence in the record on this issue comes from Weisenauer's admission that "[t]he plant closed and American Standard no longer [had] any work for [him]." (Doc. 19, Ex. B.). Moreover, Weisenauer specifically stated in discovery testimony that he "den[ies] that [he] quit work at that time." (*Id.*) Based on the foregoing, it is apparent that Weisenauer has not yet "quit work on account of such disease." Therefore under the express language of the Ohio Supreme Court's decision in *White*, the third possible date for triggering the period of limitations has not happened yet and the statute of limitations would not bar the filing of this claim.

---

[4] Numbers have again been added for ease of discussion.

**{¶31}** Nevertheless, American Standard argues against the application of the third prong of *White* to this case by asserting that because the plant closed, Weisenauer can *never* "quit work on account of his disease" and thus the third possible date for commencing the period of limitations set forth in *White* can never happen.

**{¶32}** In making this argument, American Standard directs us to *Heard v. Conrad*, 138 Ohio App.3d 503, 741 N.E.2d 897 (7th Dist.2000), and *Davis v. Taylor & Bogus Foundry*, 8th Dist. Cuyahoga No. 81324, 2003-Ohio-1832, for the proposition that where the existence of the third triggering definition of "disability" in *White* is incapable of determination, the reviewing court must essentially "default" to the later of the two remaining disability dates set forth in the *White* three prong test. However, in our view, this rationale seems to run counter to the express language in *White* directing us to use the *latest* of the *three* dates to determine when the statute of limitations has run - without mention of any further fact-finding by the court of appeals as to the possible occurrence of future events.

**{¶33}** As an example of the dangers of such further "fact-finding," we believe that the premise for the argument advanced by American Standard that for Weisenauer, the third date of *White* would *never* run, is entirely speculative. As noted earlier, there is no actual evidence in the record that Weisenauer ever

retired. However, even if we were to somehow deem by default that because the plant closed, Weisenauer was effectively "retired," as a practical matter, it is indeterminable under such circumstances whether he could or would be entirely eligible to later rejoin the work force if the opportunity arose with another plant or a re-opened plant, and then still subsequently "quit on account of his disease," triggering the third definition of "disability" under *White*. As a result, it is our conclusion that under the closest reading of the Ohio Supreme Court's decision in *White*, if the third date has not yet occurred the claim is still valid.

{¶34} While our holding may run counter to the opinions in *Heard* and *Davis*, it is consistent with the First District Court of Appeals' holding in *DesMarais v. Strauss & Troy*, 121 Ohio App.3d 125, 130, 699 N.E.2d 113, 116-17 (1st Dist.1997). Moreover, we believe our holding is consistent with the Ohio Supreme Court's guidance in *White*, wherein the Court held,

> **Equally compelling, in our view, is the fact that provisions such as R.C. 4123.85 must be " * * * liberally construed in favor of employees * * *." R.C. 4123.95. Given the legislative directive to liberally construe the workers' compensation statutes in favor of the employee, we believe our endorsement * * * is more consonant with furthering the remedial and humanitarian purposes of the workers' compensation system.[5]**

*Id*. at 14.

---

[5] The final set of ellipses denotes an omission in our citation. The previous two were in the original.

**{¶35}** Finally, while not binding on us, we are also persuaded by the Industrial Commission's Memo cited by the Staff Hearing Officer in support of allowing the claim. The Industrial Commission's Memo, cited earlier herein at Fn.2, explicitly states that, "[t]he limitation period begins to run when the latest of the three elements in *White* occurs. *If the last element has not yet occurred, 4123.85 has not begun to run.* Therefore, the claim application is to be found timely filed." (Doc. 19, Ex. A-6).

**{¶36}** In sum, we find that under the express language of the Ohio Supreme court in *White* the claim in this case is not time-barred pursuant to the statute.

**{¶37}** For the foregoing reasons the assignment of error is sustained, the judgment of the Seneca County Common Pleas Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**