[Cite as *Williams v. Bur. of Workers' Comp.*, 2014-Ohio-1889.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| ANTHONY T. WILLIAMS, | : | |
| | | CASE NO. CA2013-09-006 |
| Appellant, | : | |
| | | O P I N I O N |
| | : | 5/5/2014 |
| - vs - | : | |
| | : | |
| ADMINISTRATOR, OHIO BUREAU | : | |
| OF WORKERS' COMPENSATION, et al., | | |
| | : | |
| Appellees. | : | |
| | : | |

CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 11CV28987

Skilken & Skilken, Thomas E. Skilken, 1100 Key Bank Tower, 10 West Second Street, Suite 1100, Dayton, Ohio 45402-3701, for appellant

Steven Fixler, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for appellee, Administrator, Ohio Bureau of Workers' Compensation

Beirne & Wirthlin Co., L.P.A., Michael Schutte, 1745 Madison Road, Cincinnati, Ohio 45206, for appellee, Parker-Hannifin Corporation

**S. POWELL, P.J.**

{¶ 1} Appellant, Anthony T. Williams, appeals from the decision of the Preble County Court of Common Pleas granting summary judgment in favor of appellee, Parker-Hannifin Corporation, his former employer, in a claim seeking workers' compensation benefits. For

the reasons outlined below, we affirm.

{¶ 2} The stipulated facts are as follows. On August 1, 2000, Williams injured his lower back while working at Parker-Hannifin, a self-insured employer under Ohio's workers' compensation laws. The injury occurred when Williams attempted to move a heavy drill cabinet that had tipped over and trapped a co-worker's foot. The following day, Williams went to the Preble County Urgent Care Center where he was diagnosed with having sustained an acute lumbar strain to his lower back. Nevertheless, Williams was cleared to return to work, albeit limited to light duty for a period of two days. It is undisputed that Williams received medical benefits as a result of his injury and that the medical bills were last paid through workers' compensation on November 22, 2000. It is also undisputed that Williams stopped working for Parker-Hannifin on December 3, 2001.

{¶ 3} On December 9, 2002, Williams submitted a C-84 application to the Ohio Bureau of Workers' Compensation (OBWC) requesting temporary total disability resulting from his lower back injury. Thereafter, on December 30, 2002, Williams submitted a C-86 motion to the OBWC requesting the same. The OBWC referred the matters to the Industrial Commission of Ohio (Industrial Commission) for a hearing on the matter. A hearing was then scheduled for March 27, 2003. However, on March 12, 2003, Williams withdrew his request for temporary total disability benefits and the hearing was cancelled.

{¶ 4} Over three years later, on July 19, 2006, Williams submitted another C-86 motion, wherein he requested allowance for an "additional condition of Recurrent Herniated Disc at L4-L5 by aggravation of a pre-existing condition." Other than his newly filed C-86 motion, Williams did not submit any other application or requests to the OBWC or Industrial Commission. The Industrial Commission subsequently denied Williams' motion after finding the request for the additional condition was not causally related to his low back injury he sustained on August 1, 2000. As part of this decision, the Industrial Commission did not

- 2 -

make any findings in regards to a request for temporary total disability benefits.

{¶ 5} On December 28, 2006, Williams filed an appeal from the Industrial Commission's findings to the Preble County Court of Common Pleas. After some delay, the matter proceeded to a two-day jury trial. Following trial, Williams was found to be entitled to participate in workers' compensation for the requested additional condition of a herniated disc at L4-L5. This court later affirmed that decision in *Williams v. Parker Hannifin Corp.*, 188 Ohio App.3d 715, 2010-Ohio-1719 (12th Dist.).

{¶ 6} On November 10, 2009, Williams submitted a C-92 application to the OBWC requesting the determination of percentage of permanent partial impairment. Thereafter, on January 28, 2010, the OBWC issued a tentative order awarding Williams 8 percent whole person impairment that entitled him to receive 16 weeks of compensation pursuant to R.C. 4123.57. Both Williams and Parker-Hannifin filed appeals from the tentative order, only to later dismiss their appeals on March 5, 2010.

{¶ 7} Approximately one year later, on March 3, 2011, Parker-Hannifin filed its own C-86 motion with the Industrial Commission requesting it to exercise its continuing jurisdiction and vacate the tentative order previously issued by the OBWC on January 28, 2010. In support of this motion, Parker-Hannifin claimed the OBWC did not have jurisdiction or authority to enter that order as the six-year time limitation found in R.C. 4123.52 had expired since no medical benefits had been paid to Williams since November 22, 2000. The Industrial Commission agreed with Parker-Hannifin and vacated the tentative order in a decision issued on April 1, 2011. Williams then appealed the Industrial Commission's decision to the Preble County Court of Common Pleas.

{¶ 8} While that matter was pending, on May 5, 2011, Williams filed another C-86 motion requesting the payment of temporary total disability benefits. After holding two separate hearings on the matter, the Industrial Commission ultimately denied Williams'

request by finding it no longer had jurisdiction over the claim pursuant to the six-year time limitation found in R.C. 4123.52. In so holding, the Industrial Commission explicitly stated:

> [Williams] argues that his request is not statutorily barred because his C-86 Motion filed on [07/19/2006] to amend the claim included an '*implicit*' request for payment of a concomitant period of unspecified temporary total disability compensation benefits. The District Hearing Officers finds that [Williams] did not seek payment of temporary total disability compensation benefits by this motion, but simply sought amendment of the claim. The District Hearing Officer further finds that [William's] C-86 Motion filed on 12/30/2002 requesting payment of temporary total disability compensation was withdrawn by [Williams] and dismissed pursuant to an *ex parte* order of the Industrial Commission, date mailed 03/18/2003. The District Hearing Officer finds that the filing of a separate motion for temporary total disability compensation benefits, that was subsequently withdrawn, demonstrates that the motion filed on [07/19/2006] was solely filed to seek amendment of the claim, and not to seek an award of temporary total disability compensation benefits, either explicitly or implicitly.

Williams also appealed from this decision to the Preble County Court of Common Pleas. Both of Williams' appeals were then consolidated by the common pleas court in an entry filed on August 20, 2012.

{¶ 9} After Williams' appeals were consolidated, the parties entered into a joint stipulation of fact and submitted a number of joint exhibits to the common pleas court. The parties then filed competing motions for summary judgment. On August 13, 2013, the court issued a decision granting Parker-Hannifin's motion for summary judgment in its entirety. As part of that decision, the common pleas court specifically found "medical benefits were paid (last payment November 22, 2000), but no compensation was paid, so the six year limitation period would run on November 22, 2006."

{¶ 10} Williams now appeals from the decision granting summary judgment to Parker-Hannifin, raising two assignments of error for review.

{¶ 11} Assignment of Error No. 1:

- 4 -

{¶ 12} THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTED THE EMPLOYER'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE SIX-YEAR LIMITATION PERIOD APPLIED TO THE WORKER'S CLAIM.

{¶ 13} In his first assignment of error, Williams argues the lower court erred by granting Parker-Hannifin's motion for summary judgment. We disagree.

{¶ 14} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Moody v. Pilot Travel Ctrs., L.L.C.*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). In applying the de novo standard, the appellate court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 15} "R.C. 4123.52 governs the continuing jurisdiction of the Industrial Commission of Ohio and essentially places a statute of limitations on workers' compensation claims." *Perez v. Univ. Hosp. Health Sys.*, 8th Dist. Cuyahoga No. 98427, 2012-Ohio-5896, ¶ 12, citing *Sechler v. Krouse*, 56 Ohio St.2d 185 (1978). For purposes of this appeal, the relevant version of R.C. 4123.52 provided, in pertinent part, the following:

> The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified.

R.C. 4123.52 then continued by providing:

- 5 -

> No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six years after the payment of medical benefits, or in the absence of payment of compensation under section 4123.57, 4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor.

In other words, if medical benefits have been paid, but there has not been a payment of compensation for temporary, partial or total disability under R.C. 4123.56, 4123.57 or 4123.58 (or wages in lieu thereof), the claim expires "six years after the payment of medical benefits." *Cocherl v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 06AP-1100, 2007-Ohio-3225, ¶ 12.

{¶ 16} Here, Williams claims the common pleas court erred by finding the Industrial Commission lacked jurisdiction to award benefits because the six-year limitation period found in R.C. 4123.52 had expired. However, based on the parties' joint stipulation of fact, as well as the joint exhibits submitted to the lower court, it is clear that Williams was only paid medical benefits, not compensation under R.C. 4123.56, 4123.57 or 4123.58 for temporary, partial or total disability. Moreover, just as the lower court found, it is undisputed that the last of these medical benefits were paid on November 22, 2000, thereby establishing a six-year limitation period that expired on November 22, 2006. Once the applicable six-year period under R.C. 4123.52 expired, the Industrial Commission was without jurisdiction to make any

further findings, awards, or orders, and Williams' claim was deemed to have lapsed. The common pleas court, therefore, did not err in its decision granting summary judgment to Parker-Hannifin.

{¶ 17} Despite this, Williams argues he "tolled" the six-year limitation period by the filing of his C-84 application for temporary total disability on December 9, 2002, as well as by the filling of his C-86 motion on December 30, 2002. Yet, the stipulated record establishes that Williams later withdrew this request before the Industrial Commission could even hold a hearing on the matter. Again, it is undisputed that Williams was only plaid medical benefits, not compensation. We fail to see how a withdrawn motion for temporary total disability could impact the six-year limitation period clearly established by R.C. 4123.52 when no compensation was ever paid out. Williams' argument to the contrary is without merit and overruled.

{¶ 18} Williams also argues he "tolled" the six-year limitation period by the filing of his C-86 motion on July 19, 2006, wherein he requested the additional condition of a herniated disc at L4-L-5. According to Williams, although not expressly requesting compensation as part of this motion, the motion should nevertheless be construed as an application for compensation, thereby falling within the six-year limitation period found in R.C. 4123.52. In support of this claim, Williams relies on the Ohio Supreme Court's decision in *State ex rel. General Refractories Co. v. Indus. Comm. of Ohio*, 44 Ohio St.3d 82 (1989), which found a request for additional condition can, under certain circumstances, also constitute a request for compensation.

{¶ 19} That decision, however, dealt exclusively with how far back retroactively, under a two-year statutory period, the Industrial Commission could award benefits. *See State ex rel. Drone v. Indus. Comm.*, 93 Ohio St.3d 151, 153 (stating the issue in *General Refractories* was "the date to which – based on the two-year statute of limitations in R.C. 4123.52 –

- 7 -

temporary total disability compensation could be backdated"). This is an entirely different provision of R.C. 4123.52 than at issue here. As noted above, this case deals exclusively with the six-year time limitation where medical benefits are paid, but not compensation. The Ohio Supreme Court's decision in *General Refractories* is simply not applicable to the case at bar.

{¶ 20} Regardless, even if we were to find the Ohio Supreme Court's decision in *General Refractories* was applicable, which we do not, there is simply nothing in the record to suggest Williams was seeking compensation as part of his C-86 motion filed on July 19, 2006. When considering whether a request for an additional condition may also be considered a request for temporary total disability compensation, we are guided by the following factors: "(1) the document's contents, (2) the nature of relief sought, (3) how the parties treated the document, and (4) the liberal construction mandate of R.C. 4123.95." *Drone*, 93 Ohio St.3d at 153, citing *General Refractories*, 44 Ohio St.3d 82.

{¶ 21} In this case, however, Parker-Hannifin did not respond to the motion indicating it treated the motion as a request for compensation, nor did the Industrial Commission construe the motion as a request for compensation when acknowledging William's withdrawal. In addition, the motion, which was filed over five years after Williams had stopped working at Parker-Hannifin, was not supported by any evidence of disability related to the requested additional condition.

{¶ 22} When considering Williams' motion in light of these factors outlined by the Ohio Supreme Court in *Drone* and *General Refractories*, we find Williams' motion for an additional condition simply cannot be construed as a request for compensation. *See, e.g., State ex rel. Ford Motor Co. v. Indus. Comm.*, 65 Ohio St.3d 17 (1992) (finding a similar application for additional condition could not be construed as a request for compensation). Just as the Industrial Commission found, "the filing of a separate motion for temporary total disability

- 8 -

compensation benefits, that was subsequently withdrawn, demonstrates that the motion filed on [07/19/2006] was solely filed to seek amendment of the claim, and not to seek an award of temporary total disability compensation benefits, either explicitly or implicitly."

{¶ 23} It is well-settled that a workers' compensation claimant like Williams is responsible for preventing the running of the statute of limitations. *Kokitka v. Ford Motor Co.*, 8th Dist. Cuyahoga No. 62410, 1993 WL 215390, *6 (June 17, 1993). "Failure to file an application for modification of an award within the prescribed time period results in the loss of the substantive right for additional benefits." *Sechler*, 56 Ohio St.2d at 190, citing *State ex rel. Hammond v. Indus. Comm.*, 144 Ohio St. 477, 480 (1945). Merely because Williams now "says that [he] intended [his] initial motion to be an application for compensation does not, under these facts, make it one." *Id.* at 21. Therefore, because we find no merit to either of the arguments advanced by Williams challenging the lower court's decision granting Parker-Hannifin's motion for summary judgment, Williams' first assignment of error is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT FAILED TO RULE ON THE ISSUED RAISED BY THE PLAINTIFF APPELLANT'S SECOND CASE (11CV029182) IN WHICH THE INJURED WORKER HAD REQUESTED A HEARING ON HIS C-84 REQUEST FOR TEMPORARY TOTAL DISABILITY FROM 2002 WHICH TOLLED THE RUNNING OF THE SIX-YEAR LIMITATION PERIOD.

{¶ 26} In his second assignment of error, Williams argues the common pleas court erred by failing to rule on his C-86 motion filed on May 5, 2011, which sought a hearing on his request for payment of temporary total disability benefits. However, as part of its decision and entry granting Parker-Hannifin's motion for summary judgment, the lower court specifically stated that both cases had been consolidated for purposes of issuing its decision on appeal from the Industrial Commission's findings. Williams even acknowledges this fact

as part of his appellate brief before this court. The common pleas court's decision finding the Industrial Commission and the OBWC lacked jurisdiction pursuant to the six-year time limitation found in R.C. 4123.52 effectively denied all of Williams' claims. As noted above, we find no error in the court's decision granting Parker-Hannifin's motion for summary judgment. Accordingly, Williams' second assignment of error is overruled.

{¶ 27} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.