[Cite as *Chatfield v. Whirlpool Corp.*, 2021-Ohio-4365.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

DIANA L. CHATFIELD,

     PLAINTIFF-APPELLANT,          CASE NO.  9-21-20

     v.

WHIRLPOOL CORP., MARION          O P I N I O N
DIVISION., ET AL.,

     DEFENDANTS-APPELLEES.

---

**Appeal from Marion County Common Pleas Court
Trial Court No. 2020 CV 0203**

**Judgment Affirmed**

**Date of Decision:   December 13, 2021**

---

APPEARANCES:

     *Jacob B. Brandt* **for Appellant**

     *Mark S. Barnes* **for Appellee**

**SHAW, J.**

{¶1} Plaintiff-Appellant, Diana L. Chatfield ("Chatfield"), appeals a decision of the Marion County Court of Common Pleas which granted the motion for summary judgment of Defendant-Appellee, Whirlpool Corporation, Marion Division ("Whirlpool").

*Relevant Facts and Procedural History*

{¶2} On August 23, 2014, Chatfield was injured during the course of her employment at Whirlpool. Chatfield subsequently filed a workers' compensation claim, which was assigned Claim No. 14-847748. Chatfield's claim was allowed for the condition of right biceps tendon tear. It is undisputed that Whirlpool paid medical benefits and an award of permanent partial disability compensation, which Whirlpool paid on August 25, 2015, and that the last of the medical bills were paid on September 28, 2015 for her claim.

{¶3} Thereafter, on June 19, 2019, Chatfield filed a C-86 motion requesting that her workers' compensation claim be additionally allowed for the conditions of right shoulder sprain, right shoulder superior labral tear, and substantial aggravation of pre-existing acromioclavicular joint arthropathy. A district hearing officer with the Industrial Commission of Ohio conducted a hearing on November 22, 2019 and subsequently issued an order disallowing these additional conditions. On appeal, a staff hearing officer affirmed the district hearing officer's order. Chatfield further appealed and by order mailed March 24, 2020, the Industrial Commission refused the appeal.

{¶4} On May 18, 2020, Chatfield filed a notice of appeal and complaint in the Marion County Court of Common Pleas seeking to participate in the workers'

compensation fund for the additional conditions which had been denied. The Administrator of the Ohio Bureau of Workers' Compensation and Whirlpool were made parties as required by R.C. 4123.512(B). Whirlpool answered the complaint on June 17, 2020. Chatfield's case was referred to a magistrate, who issued a scheduling order. On September 18, 2020, Chatfield's deposition was taken in the case.

{¶5} On February 24, 2021, Whirlpool filed a motion for summary judgment on the ground that Chatfield's claim had expired, as a matter of law, on September 28, 2020 pursuant to the five-year limitation period in R.C. 4123.52. Thereafter, Chatfield filed a memorandum in opposition to Whirlpool's motion for summary judgment. On March 23, 2021, the magistrate denied Whirlpool's motion.

{¶6} Whirlpool filed an objection to the magistrate's decision and Chatfield filed a response. On May 6, 2021, the trial court sustained Whirlpool's objection and granted the motion for summary judgment on the basis that Chatfield's claim was barred by the applicable statute of limitations. Relying on the case of *Barron v. St. Charles Hosp.*, 6th Dist. Lucas No. L-11-1213, 2012-Ohio-1771, the trial court concluded that the filing of the June 19, 2019 motion requesting Chatfield's claim be additionally allowed was not sufficient to toll the statute of limitations of R.C. 4123.52 relating to the life of Chatfield's original claim, which expired September 28, 2020. Chatfield's complaint was then dismissed with prejudice.

{¶7} Chatfield now appeals, raising the following assignment of error for review:

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SUSTAINED APPELLEE'S OBJECTIONS TO THE MAGISTRATE'S ORDER AND GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT.**

{¶8} In her assignment of error, Chatfield argues the trial court erred in granting Whirlpool's motion for summary judgment. We disagree.

*Standard of Review*

{¶9} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). An appellate court reviews a decision to grant summary judgment de novo. *Weisenauer v. Am. Standard, Inc.*, 3d Dist. Seneca No. 13-13-25, 2014-Ohio-1569, ¶ 20, citing *Conley-Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (6th Dist. 1998). Accordingly, we apply the same standard for summary judgment as did the trial court. *Id.*

*Analysis*

{¶10} " ' R.C. 4123.52 governs the continuing jurisdiction of the Industrial Commission of Ohio and essentially places a statute of limitations on workers' compensation claims.' " *Williams v. Bur. of Workers' Comp.*, 12th Dist. Preble No. CA2013-09-006, 2014-Ohio-1889, ¶ 15, quoting *Perez v. Univ. Hosp. Health Sys.*, 8th

-4-

Dist. Cuyahoga No. 98427, 2012-Ohio-5896, ¶ 12, citing *Sechler v. Krouse*, 56 Ohio St.2d 185 (1978). As applicable to this appeal, the relevant version of R.C. 4123.52 provided, in pertinent part, the following:

> **The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after five years from the date of injury in the absence of the payment of medical benefits under this chapter or in the absence of payment of compensation under section 4123.57, 4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within five years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code. The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor.**

{¶11} Here, Chatfield argues she "tolled" the five-year limitation period by the filing of the June 19, 2019 motion for allowance of additional conditions (otherwise known as a C-86 claim). According to Chatfield, the motion should be construed, explicitly or implicitly, as a C-9 claim, i.e. an application for additional treatment, compensation and medical coverage for her original claim, thereby tolling the statutory expiration of the original claim. *See* Trial Court's May 6, 2021 Ruling on Objections, p. 7-8, citing *Copeland v. Bur. of Workers' Comp.*, 192 Ohio App.3d 586, 2011-Ohio-813 (5th Dist.)

and *Barron v. St. Charles Hosp.*, 6th Dist. Lucas No. L-11-1213, 2012-Ohio-1771. Chatfield relies on two cases in support of her argument, *State ex rel. General Refractories Co. v. Indus. Comm. of Ohio*, 44 Ohio St.3d 82 (1989) and *Nichols v. Ohio Collieries Co.*, 75 Ohio App. 474 (1944).

**{¶12}** However, those cases are not dispositive of the action before us. As the Twelfth Appellate District has recognized, the decision in *General Refractories* "dealt exclusively with how far back retroactively, under a two-year statutory period, the Industrial Commission could award benefits. *See State ex rel. Drone v. Indus. Comm.*, 93 Ohio St.3d 151, 153 (stating the issue in *General Refractories* was 'the date to which – based on the two-year statute of limitations in R.C. 4123.52 – temporary total disability compensation could be backdated')." *Williams,* 12th Dist. Preble No. CA2013-09-006, 2014-Ohio-1889, ¶ 19. Similarly, as recognized by the Twelfth Appellate District, this is an entirely different provision of R.C. 4123.52 than at issue here. This case deals exclusively with the five-year time limitation where medical benefits or compensation are paid. Moreover, the present case is distinguishable from *Nichols* which addressed an entirely different version of R.C. 4123.52, Section 1465-86 General Code (the predecessor to R.C. 4123.52).

**{¶13}** As noted by the Sixth Appellate District in *Barron*, "The statutory language [of R.C. 4123.52] explicitly and unambiguously states 'payment of compensation' that 'has been paid.' " *Barron*, at ¶¶ 10-11 (noting prior statutory language established that in cases

where compensation has been paid, "the life of the claim extends for 'ten years from the date of the last payment of compensation' "). Thus, the Sixth District rejected an argument that an order granting an injured worker's motion for payment of treatment should be sufficient to toll the statute of limitations and held that "[m]erely filing the request for additional payment alone did not toll the statute of limitations without a payment." *Barron* at ¶ 16.

{¶14} The Supreme Court of Ohio has recognized R.C. 4123.52 "permit[s] finality [of the claim] through extinguishment after a set period of inactivity." *State ex rel. Romans v. Elder Beerman Stores, Inc.*, 100 Ohio St.3d 165, 2003-Ohio-5363, ¶ 8. Moreover, it is well-settled that it is incumbent upon a workers' compensation claimant to timely invoke the continuing jurisdiction granted to the Industrial Commission by R.C. 4123.52 for additional compensation. *Sechler*, 56 Ohio St.2d at 190. Further, the Supreme Court of Ohio has held that "the de novo nature of an R.C. 4123.512 appeal proceeding [to the common pleas court] puts at issue all elements of a claimant's right to participate in the workers' compensation fund." *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 2.

{¶15} Here, as noted above, it is undisputed that the last of the medical benefits were paid on September 28, 2015, thereby establishing a five-year limitation period that expired on September 28, 2020. Just as the trial court found, the mere filing of Chatfield's motion for the additional conditions was not sufficient to toll the statute of limitations

regarding the expiration of her claim. As a consequence, "[o]nce the applicable * * * period under R.C. 4123.52 expired, the Industrial Commission was without jurisdiction to make any further findings, awards, or orders, and [the injured worker's] claim was deemed to have lapsed." *Williams* at ¶ 16; *see Cocherl v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 06AP-1100, 2007-Ohio-3225, ¶ 30 (finding workers' compensation claim was "dead by operation of law"). Accordingly, the trial court did not err in granting summary judgment to Whirlpool and dismissing Chatfield's complaint.

{¶16} Based on the foregoing, Chatfield's assignment of error is overruled.

{¶17} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**