[Cite as *Caldwell v. Whirlpool Corp.*, 2023-Ohio-1530.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

BRIAN P. CALDWELL,

    PLAINTIFF-APPELLANT,

    v.

WHIRLPOOL CORP., ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 9-22-61

O P I N I O N

---

**Appeal from Marion County Common Pleas Court**
**Trial Court No. 22 CV 127**

**Judgment Affirmed**

**Date of Decision:  May 8, 2023**

---

APPEARANCES:

    *Michael P. Dusseau* **for Appellant**

    *Mark S. Barnes* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Brian P. Caldwell ("Caldwell") appeals the judgment of the Marion County Court of Common Pleas, arguing that the trial court erred in granting summary judgment. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} Caldwell was an employee of the Whirlpool Corporation ("Whirlpool") who suffered a compensable injury on March 23, 2015. Doc. 1. Caldwell filed a claim with the Ohio Bureau of Workers' Compensation that was subsequently allowed. On May 2, 2016, the last medical bill was paid under this claim. On January 11, 2017, a permanent partial disability payment was made to Caldwell and was the last payment that was made under this claim.

{¶3} On December 5, 2019, Caldwell sought an allowance of additional conditions in his case. After a hearing on this matter, the district hearing officer denied this request. This decision was appealed and subsequently affirmed by a staff hearing officer. The Industrial Commission then declined to hear Caldwell's appeal. On June 19, 2020, Caldwell filed an appeal with the Marion County Court of Common Pleas. However, he voluntarily dismissed this matter on April 30, 2021.

{¶4} On April 20, 2022, Caldwell refiled his appeal with the Marion County Court of Common Pleas. On May 27, 2022, Whirlpool filed a motion for summary judgment, pointing to the fact that more than five years had elapsed since Caldwell

had received his last payment for this claim on January 11, 2017. Whirlpool argued that Caldwell's claims had, therefore, expired by January 11, 2022 because the five-year period allotted by R.C. 4123.52 had ended. On October 3, 2022, the trial court granted summary judgment in favor of Whirlpool.

{¶5} Caldwell filed his notice of appeal on November 2, 2022. On appeal, he raises the following two assignments of error:

### First Assignment of Error

**This Court should vacate the Trial Court's entry granting summary judgment and remand the case to the Trial Court for further proceedings. The Trial Court failed to correctly apply the savings statute when it concluded that the statute of limitations had passed since no benefits or compensation had been paid for five years despite the voluntary dismissal of the prior complaint.**

### Second Assignment of Error

**The Trial Court's reliance on *Chatfield v. Whirlpool Corp*., 2021-Ohio-4365 was misplaced and the holding in *Chatfield* should be reexamined as the application of this decision creates due process and other procedural issues and is a change in practice from prior case law.**

In our analysis, we will consider Caldwell's second assignment of error before his first assignment of error.

*Second Assignment of Error*

{¶6} Caldwell contends that this Court should reconsider its prior decision in *Chatfield v. Whirlpool Corp*, 3d Dist. Marion No. 9-21-20, 2021-Ohio-4365, ¶ 15. As the appellant has not offered any compelling reasons for us to reexamine our

prior decision, we decline to revisit this precedent at this juncture. Accordingly, Caldwell's second assignment of error is overruled.

*First Assignment of Error*

**{¶7}** Caldwell argues that the trial court erred by granting Whirlpool's motion for summary judgment.

Legal Standard

**{¶8}** "Appellate courts consider a summary judgment order under a de novo standard of review." *Bates Recycling, Inc. v. Conaway*, 2018-Ohio-5056, 126 N.E.3d 341, ¶ 10 (3d Dist.), quoting *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5. Under Civ.R. 56(C),

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law \* \* \*. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). Thus, summary judgment is to be granted

> **only when it is clear '(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.'**

*Beair v. Management & Training Corp.*, 3d Dist. Marion No. 9-21-07, 2021-Ohio-4110, ¶ 15, quoting *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47 (1978).

{¶9} Initially, "[t]he party moving for summary judgment has the initial burden 'to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.'" *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-47, 2016-Ohio-3387, ¶ 8, quoting *Reinbolt v. Gloor*, 146 Ohio App.3d 661, 664, 767 N.E.2d 1197 (3d Dist. 2001). "The burden then shifts to the party opposing the summary judgment." *Schmidt Machine Company v. Swetland*, 3d Dist. Wyandot No. 16-20-07, 2021-Ohio-1236, ¶ 23, quoting *Middleton* at ¶ 8. "In order to defeat summary judgment, the nonmoving party may not rely on mere denials but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E).

{¶10} "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Williams v. ALPLA, Inc.*, 2017-Ohio-4217, 92 N.E.3d 256 (3d Dist.), quoting *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *New Technology Products Pty Ltd. v. Scotts Miracle-Gro Co.*, 3d Dist. Union No. 14-21-22, 2022-

Ohio-3780, ¶ 52, quoting *Webster v. Shaw*, 2016-Ohio-1484, 63 N.E.3d 677, ¶ 8 (3d Dist.).

{¶11} Further, "R.C. 4123.52 governs the continuing jurisdiction of the Industrial Commission of Ohio and essentially places a statute of limitations on workers' compensation claims." *Chatfield, supra*, at ¶ 10, quoting *Perez v. Univ. Hosp. Health Sys.*, 8th Dist. Cuyahoga No. 98427, 2012-Ohio-5896, ¶ 12. This provision reads, in its relevant part, as follows:

> **The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after five years from the date of injury in the absence of the payment of medical benefits under this chapter or in the absence of payment of compensation under section 4123.57, 4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within five years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code. The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor.**

R.C. 4123.52(A). "The Supreme Court of Ohio has recognized R.C. 4123.52 'permit[s] finality [of the claim] through extinguishment after a set period of

inactivity.'" *Chatfield, supra*, at ¶ 14, quoting *State ex rel. Romans v. Elder Beerman Stores, Corp.*, 100 Ohio St.3d 165, 2003-Ohio-5363, 797 N.E.3d 82, ¶ 8.

> **Moreover, it is well-settled that it is incumbent upon a workers' compensation claimant to timely invoke the continuing jurisdiction granted to the Industrial Commission by R.C. 4123.52 for additional compensation. *Sechler* [*v. Krouse*], 56 Ohio St.2d [185,] at 190[, 383 N.E.2d 572 (1978)]. Further, the Supreme Court of Ohio has held that 'the de novo nature of an R.C. 4123.512 appeal proceeding [to the common pleas court] puts at issue all elements of a claimant's right to participate in the workers' compensation fund.' *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 2.**

*Chatfield, supra*, at ¶ 14. *See also Williams v. Bur. of Workers' Comp.*, 12th Dist. Preble No. CA2013-09-006, 2014-Ohio-1889, ¶ 17.

## Legal Analysis

{¶12} In *Chatfield v. Whirlpool Corp.*, the final payment to Chatfield was made on September 28, 2015. *Chatfield, supra*, at ¶ 15. On June 19, 2019, Chatfield filed a motion for allowance of additional conditions that was denied. *Id.* at ¶ 11. Chatfield eventually filed an appeal with the court of common pleas on May 18, 2020. *Id.* at ¶ 4. On February 24, 2021, Whirlpool filed a motion for summary judgment, arguing "that Chatfield's claim had expired, as a matter of law, on September 28, 2020" because the five-year period allotted for such claims in R.C. 4123.52 had passed. *Id.* at ¶ 5.

{¶13} Chatfield argued that the filing of her motion on June 19, 2019 tolled the five-year period allotted in R.C. 4123.52. *Chatfield*, *supra*, at ¶ 11. This Court

-7-

rejected this argument, concluding that her claim had expired on September 28, 2020 and that the trial court did not err in granting summary judgment on this basis. *Id*. at ¶ 15. In the case presently before us, the parties do not dispute that Whirlpool made no payments to Caldwell after January 11, 2017. Thus, pursuant to our holding in *Chatfield*, Caldwell's claim had expired by operation of law by January 11, 2022. *See Cocherl v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 06AP-1100, 2007-Ohio-3225, ¶ 30 (finding a workers' compensation claim was "dead by operation of law" after the five-year period allotted by R.C. 4123.52).

**{¶14}** Against this conclusion, Caldwell argues that his reliance on Ohio's savings statute to refile this appeal distinguishes this situation from *Chatfield*. Caldwell notes that the savings statute is applicable to workers' compensation claims. *Lewis v. Connor*, 21 Ohio St.3d 1, 487 N.E.2d 285 (1985), at the syllabus. However, in this case, Caldwell was able to avail himself of the savings statute as he was permitted to refile this case with the trial court. The savings statute does not change the fact that this type of claim expires by operation of law after the five-years allotted under the conditions set forth R.C. 4123.52. *Chatfield, supra*, at ¶ 15.

**{¶15}** In *Chatfield*, the filing of the action with the court of common pleas did not toll the period set forth in R.C. 4123.52. Similarly, in the case presently before us, the refiling of an action with the court of common pleas did not toll the period set forth in R.C. 4123.52. The evidence in the record clearly establishes that this action has progressed beyond the five-year period that is permitted under R.C.

4123.52(A). As such, Caldwell's claims have expired. *Chatfield*, *supra*, at ¶ 15. Thus, having viewed the evidence in a light most favorable to the nonmoving party, we cannot conclude that the trial court erred by granting summary judgment. For this reason, Caldwell's first assignment of error is overruled.

*Conclusion*

**{¶16}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**